## CLEVELAND CRANE & ENGINEERING CO. v. RICHARDS–WILCOX MFG. CO.
### No. 5312.

Circuit Court of Appeals, Seventh Circuit.
April 4, 1935.

A. J. Hudson, of Cleveland, Ohio, and Banning & Banning, of Chicago, Ill., for appellant.

John A. Dienner and Edward C. Grelle, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and FITZHENRY, Circuit Judges.

EVANS, Circuit Judge.

This suit was to enjoin the further infringement of claims 1, 3, 4, 5, and 7 of patent No. 1,802,550 issued April 28, 1931, covering a "Material-Handling System." The defenses were invalidity and non-infringement.

The trial court made certain findings and conclusions which narrow the issues to which our attention must be directed. It found that appellee's structure was not an infringement of any of the claims in suit and also found all of the claims in suit invalid for want of invention. As another conclusion it found:

"Claims 1, 3, 4, 5 and 7 of the Bennington patent * * * (were) * * * invalid and void for lack of novelty and * * * patentable invention over the prior art patents to:—Lidsky, No. 1,715,092; Armstrong, No. 650,364 * * *."

No finding of fact was made as to the date of the Lidsky invention. The court, however, made other findings concerning the prior art and the lack of invention and in another conclusion of law found that:

"Claims 1, 3, 4, 5 and 7 of the said Bennington patent in suit, and each of said claims, are invalid and void as calling for unpatentable aggregations of old and well known elements, * * *."

We are not prepared to accept the conclusion reached by the District Court either as to non-infringement or as to aggregation. We are, however, satisfied that there is support for the conclusion that the Lidsky invention and the Lidsky patent were part of the prior art. This conclusion is fatal to appellant's suit.

Lidsky sought a patent on December 22, 1927. It was issued May 28, 1929. He fixed the date of his discovery as of June, 1926. This, if true, antedated the invention by Bennington. The record would be more satisfactory if the court had made a specific finding of the date of the Lidsky invention. Its conclusion of law number 4 places the Lidsky patent in the prior art. Appellant attempted to carry back its invention from the date of the application, February 2, 1929, to October, 1927, a couple of months before Lidsky applied for his patent. It likewise endeavored to distinguish the Lidsky discovery, as well as the Lidsky patent.

A reading of the testimony leaves us with the impression that the evidence supporting Lidsky's date of discovery is more persuasive than the evidence offered by

Bennington respecting the date of his discovery.

Viewing the case as one without any finding by the District Court upon this particular issue, we conclude that the evidence fails to establish Bennington as the original inventor of the device covered by the claims of the patent sued upon. This conclusion makes it unnecessary for us to consider the validity of the claims on the assumption that Lidsky's patent and Lidsky's construction in the Mergenthaler Building were no part of the prior art. While we place our decision on the other ground, we have examined the record and have come to a conclusion similar to that expressed by the District Court. In other words, the claims are invalid for want of invention in view of the Armstrong patent No. 650,364.

The decree is

Affirmed.